VILLAMIL ET AL., PLAINTIFFS AND APPELLEES, *v.* FUENTES, DEFENDANT AND APPELLANT.

## Appeal from the District Court of San Juan in an Action of Filiation.

No. 2066.—Decided May 27, 1920.

ACKNOWLEDGMENT—NATURAL CHILD—EVIDENCE.—Although in an action for the acknowledgment of a natural child, where strong and convincing evidence of the direct acts of the father constituting such acknowledgment is required, the evidence may be contradictory, if the ground on which the lower court based its conclusion that the facts were in favor of the plaintiff is that it believed the plaintiff's witnesses as against those of the defendant, that conclusion will not be intefered with on appeal; and it is not important that

the principal witnesses for the plaintiff were the plaintiff herself and some of her relatives, for such witnesses are generally better acquainted with the affairs of the family than others. ·

The facts are stated in the opinion.

*Messrs. E. Campillo* and *M. Tous Soto* for the appellant.

*Mr. E. H. F. Dottin* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 27, 1918, Josefa and Paulino Villamil, minors represented by their mother, Carmen Villamil, brought an action in the District Court of San Juan, Section 1, against Saturnino Fuentes, for acknowledgment as natural children of the said Fuentes and for the costs, expenses and disbursements of the action.

The complaint was sustained by a judgment of February 26, 1919, holding that the plaintiffs are the acknowledged natural children of Saturnino Fuentes with all the rights inherent to such status of natural children, with the costs and attorney fees against the defendant, who appealed to this court from that judgment.

The plaintiffs alleged in their complaint that the defendant and Carmen Villamil, both being unmarried, had amorous relations and lived together under the same roof in open concubinage from the year 1899 to the year 1907; that during that time the plaintiffs were born, Josefa in 1901 and Paulino in 1906, while their parents could have married lawfully; that when the plaintiffs were born the defendant paid for the services of a midwife; that the defendant has publicly acknowledged the plaintiffs as his natural children and stated that fact to various persons; that he has always contributed to the support of the plaintiffs and paid for the house-rent and clothing of both the mother and the children, and that the plaintiffs have been in the continuous possession of the status of natural children of the defendant as established by his own acts.

In his answer the defendant denied absolutely the facts alleged in the complaint and as new matter in opposition alleged that between the years 1899 and 1907 and thereafter Carmen Villamil had carnal relations with different men, among them Germán Wolkers and Miguel Vélez, Josefa Villamil being considered in the community as the natural daughter of Wolkers and Paulino Villamil as the natural son of Vélez.

After trial the court entered judgment in the terms indicated at the beginning and as a basis therefor the judge set forth in his opinion the following findings:

That Saturnino Fuentes and Carmen Villamil, both unmarried and without lawful impediment to contract marriage, had amorous and carnal relations and lived in concubinage from 1899 to 1907, as a result of which Josefa and Paulino, now 18 and 12 years of age respectively, were born; that since the time of their birth Saturnino Fuentes has treated Josefa and Paulino as his natural children and provided for their support and care, publicly and privately calling them his children, and has supported them in sufficient fulfilment of his paternal obligations, although not affluently; that Saturnino Fuentes having married a woman other than Carmen Villamil, he has since then avoided complying with his obligations as a father, and that the minor plaintiffs having begun to take action through their mother to obtain their acknowledgment, the defendant proposed a compromise and offered the children the sum of $1,500 and certain concessions for the future, which offer was not accepted.

The appellant in his brief, quoting and discussing the evidence examined at the trial, attacks the weighing thereof by the trial court in order to show that it did not adduce facts sufficient to establish the possession of the status of his natural children by the plaintiffs and that therefore the law applicable to the case has been infringed.

We have carefully examined the evidence produced at

the trial by both parties and although we find some conflict, particularly as to the relations of Carmen Villamil with other men and especially with Germán Wolkers and Miguel Vélez, the court found that "it is true that Carmen Villamil may have had amorous relations with other men than Saturnino Fuentes, but not during the time when she cohabited with him, and it has not been proved in any manner that she had any children by Wolkers or Vélez."

The court *a quo* holds that it must acknowledge the strength of the evidence introduced by the plaintiffs because it has all the weight of credibility and bears upon the conscience of the court with all the force of truth, and that no one who may have heard the testimony of the witnesses for the defendant, all hesitant and some negative for the purpose for which they were called at the trial, could give them any credence without imposing upon the honesty of his conscience. It has not been shown that in making these statements in support of his findings the judge acted with passion, prejudice or partiality or committed a manifest error; therefore we must accept his findings.

If Saturnino Fuentes, as the trial court found, lived in concubinage with Carmen Villamil from 1899 to 1907; if during that time the minors Josefa and Paulino Villamil were born; if from the time of their birth the defendant considered them as his natural children and provided for their care and support; if he publicly and privately treated them as his children, it is necessary to conclude that Saturnino Fuentes, by his direct acts, acknowledged the plaintiffs to be his natural children and that they have been in the continuous possession of the status of such natural children by the direct acts of their father which oblige him to admit the natural filiation claimed by them.

And the acknowledgment of such natural filiation is still more strongly shown by the evidence produced by the plaintiffs tending to prove that Saturnino Fuentes paid the mid-

wife who attended Carmen Villamil in the two deliveries; that Saturnino Fuentes was a witness to the registration of both children in the civil register, and that a brother of Saturnino Fuentes was the godfather of Josefa and one of his cousins the godfather of Paulino, albeit this evidence alone and independently of the facts previously stated would not be sufficient to prove the acknowledgment.

As a whole the evidence is so strong, convincing and conclusive that it leaves no doubt, in the natural order of things, of the acknowlegment of the plaintiffs by the defendant.

And it is not important that the strongest testimony was given by plaintiff Josefa Villamil, by her mother and by her grandmother, for in this case their testimony bears the stamp of truth and such witnesses are generally better acquainted with the affairs of the family than others. *Fajardo et al.* v. *Tió,* 17 P. R. R. 230.

The appellant attempts to avail himself on appeal of the exception taken by him when he was not permitted to cross-examine witness Carmen Villamil about the color of Saturnino Fuentes.

It is true that when the defendant asked Carmen Villamil the color of Saturnino Fuentes counsel for the plaintiffs objected to the question and after the court sustained the objection the defendant excepted.

It appears from the transcript that Josefa and Paulino Villamil were in the court-room, as was also their mother Carmen Villamil, and the defendant not having offered any evidence with regard to their color, there was no basis for considering whether the question was pertinent or for admitting it. We do not see how the color of Saturnino Fuentes would affect the result of the action, even supposing that he was white.

Nor was any reason given by the defendant in support of the exception, as should have been done.

Finally, it must be borne in mind, as to the minor Paulino Villamil, that he was conceived and born in the year 1906 when the Revised Civil Code was in force, and that according to section 193 of that code the father is obliged to acknowledge the natural child, among other cases, when the mother was known to have lived in concubinage with the father, both during her pregnancy and at the time of the birth of the child, or when the child was born while its parents had amorous relations. The concubinage or cohabitation of Saturnino Fuentes and Carmen Villamil would be sufficient of itself to establish the acknowledgment claimed by the minor Paulino.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.